### McEvoy and others *v.* Hyman.

*(Circuit Court, D. Colorado.* November 25, 1885.

PUBLIC LANDS—MINING CLAIM—ISSUE OF CERTIFICATE PENDING LITIGATION.

Where a suit in the circuit court to settle the title to a lode mining claim that has been dismissed by the clerk by order of attorney claiming to represent plaintiff is reinstated subsequently, but after such dismissal, and before reinstatement, defendant has renewed his application in the land-office and been allowed to enter the claim, and receive a certificate therefor, such certificate cannot have the effect to terminate the suit in the court.

On Motion for Judgment upon the Pleadings.

*C. S. Thomas,* for plaintiff.

*H. M. Teller,* for defendant.

HALLETT, J. August 10, 1881, defendant made application in the land-office at Leadville to enter and pay for a lode mining claim called "Durant," situated in Pitkin county, with a view to obtain title from the general government. In the time and manner specified in section 2325, Rev. St., plaintiffs made claim in the land-office to a part of the same ground under another location called by them "Little Giant." This action of ejectment was brought by them, November 7, 1881, in support of their adverse claim, as provided in section 2326, Rev. St. No trial of the issues joined in the action has occurred; but on the twenty-eighth day of January, 1885, the suit was dismissed by the clerk in vacation, under an order from attorneys claiming to represent the plaintiffs. Afterwards, and at the May term, 1885, plaintiffs, or some of them, appeared by other counsel, and moved to reinstate the case on the docket, on the ground that it was dismissed without authority from plaintiffs, or some of them, or from some persons who had acquired title to the property pending the suit. After hearing, that motion was allowed; and the cause now stands for trial on the jury calendar.

In a supplemental answer, filed at this term, defendant alleges that after the order of dismissal mentioned above, and before the

cause was reinstated on the docket, defendant renewed his application in the land-office, and was allowed to enter the claim; and a receiver's certificate was issued to him. This, he asserts, was by agreement with certain persons who had acquired title to the Little Giant claim since the suit was brought. Replying to this answer, plaintiff admitted the entry in the land-office, but denied that the persons mentioned in the answer had succeeded to plaintiff's title in the claim. From the circumstance that other persons not mentioned in the answer, or otherwise appearing of record, have applied to be substituted as plaintiffs in the action in the place of those now appearing, by whom the suit was brought, it may be inferred that the present plaintiffs have conveyed their title, and there is some dispute as to who are entitled to be recognized as grantees.

But that is not material to this inquiry, except as it may tend to show that the controversy exceeds the usual limits touching the validity of mining locations, and involves questions of ownership also. Upon the fact alleged in the supplemental answer, and admitted by plaintiffs, that entry was made in the land-office, and a certificate was issued to defendant for the claim, while the suit stood as dismissed under the clerk's orders. Defendant now moves for judgment, and the effect of that entry on this suit is the matter for present consideration.

No doubt is entertained as to the general rule on which defendant relies, that in actions at law a certificate of entry, like a patent, is conclusive of the title. As expounded by the supreme court, the rule obtains whenever officers of the land department are invested with judicial authority to decide the facts on which the title to the land in controversy may be obtained, and the patent or certificate of entry affords evidence of such decision. In such cases courts do not undertake to review the decisions of the land department of the government, and they are conclusive of the legal title in all courts, and in all forms of judicial proceedings, where this title must control. *Johnson v. Towsley*, 13 Wall. 72.

In this case, however, and when considered with reference to the time and circumstances attending its issuance, the certificate of entry on which defendant relies cannot be of such weight, because the suit is directed to the very matter which is said to be concluded by the certificate of entry, and the officers of the land department had not jurisdiction of the controversy between the parties. The statute is that upon filing an adverse claim in the land-office, and suit begun in support thereof, all proceedings in respect to the original application shall be stayed "until the controversy shall be settled or decided by a court of competent jurisdiction, or the adverse claim waived." Section 2326, Rev. St.

By this suit the controversy between these parties in respect to these conflicting locations was transferred from the land-office to this court, with the necessary result to divest the former tribunal of all

jurisdiction, until the court, proceeding in its own way, and by the recognized methods of the law, shall decide the matter in issue between the parties. And while the controversy is pending here, it cannot be affected by any action of the land department. If, upon some alleged settlement of the controversy and dismissal of the suit, the land department has issued a certificate of entry to defendant, it cannot have the effect to terminate the suit in this court. The court alone will decide when the controversy is at an end, and until such decision all things done in the land-office must be ignored. *Richmond Co.* v. *Rose,* 114 U. S. 576; S. C. 5 Sup. Ct. Rep. 1055.

The order of dismissal by the clerk is of no importance, since it was set aside, and the cause was reinstated in the docket. If that order had been allowed to stand it would have established the rights of the parties, no less than the certificate of entry. But it was found to have been improperly entered, and the court had ample power to correct the error by setting it aside. When that was done, all things depending on it, here or in the land-office, must, for the purpose of this suit, be regarded as falling with it. The cause now stands on the docket in its first estate as a controversy relating to the title to the claims to be obtained from the government, which is not to be defeated or ended upon any allegation that either party has obtained that title since the commencement of the suit, unless by settlement, or in some manner which may be recognized in this court.

The motion for judgment on the pleadings will be denied.